OPINION
Appellant Jeanette Boyd ("appellant") appeals from the trial court's grant of the permanent custody of June Boyd, Craige Boyd, Christine Boyd, and Briana Foster to the Cuyahoga Department of Children and Family Services (CCDCFS).
Appellant assigns the following error for review:
 THE TRIAL COURT ERRED WHEN IT GRANTED PERMANENT CUSTODY OF JUNE, CRAIG AND CHRISTINE BOYD AND BRIANA FOSTER TO THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES WHERE IT WAS NOT ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT HAD NOT COMPLETED HER CASE PLAN THEREBY SUBSTANTIALLY REMEDYING THE CONDITIONS WHICH CAUSED THE REMOVAL OF THE CHILDREN AND THAT THE PARENTS HAVE FAILED OR REFUSED TO PROVIDE BASIC NECESSITIES, REGULAR SUPPORT, VISIT OR COMMUNICATE WITH THE CHILDREN.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On December 16, 1997, CCDCFS filed a complaint alleging that four of appellant's six children were neglected and asked for permanent custody. The children are June Boyd — born March 12, 1988, Craige Boyd — born October 10, 1990, Christine Boyd — born November 13, 1992, and Briana Foster — born October 9, 1994. The alleged father of June is Shawn Washington while Briant Foster is the alleged father of the other three children. Neither father has established paternity. Foster was convicted of arson and incarcerated for the offense. Appellant has been convicted for prostitution offenses, the last in December of 1997 or January of 1998. The complaint alleged that the children had been in the temporary custody of CCDCFS since April 16, 1996. The children previously were in the custody of CCDCFS for two years and were removed from appellant's care after four months. Appellant had been in five drug rehabilitation programs but always relapsed. The complaint further alleged appellant did not maintain stable housing and was currently living in a one-bedroom apartment. Appellant completed a parenting program the first time the children were removed from her home but abused and neglected the children within four months of their return. Appellant and Briant Foster rarely visited the children the first year the children were in placement and only after a motion for permanent custody was filed.
On March 5, 1998, the matter came before the juvenile court for hearing on the complaint for permanent custody. Social worker Kathleen Costello testified appellant failed to comply with the terms of her case plan in that she did not maintain a drug-free lifestyle or participate in a recommended in-patient treatment program. Appellant had not maintained stable and appropriate housing. Appellant was living in a one-bedroom apartment and eviction proceedings were on-going. Appellant did complete a parenting program but Costello pointed out that appellant had completed a number of such programs in the past, apparently with little effect. Costello did not believe appellant had learned appropriate discipline skills based upon her interaction with the children at visits. Appellant did not regularly visit the children although visitation was scheduled for twice a month. The children were removed from appellant in March of 1996 and appellant did not visit with them until June. After that, appellant's visitation was sporadic, generally being one visit per month. Appellant missed approximately seventy-five (75) per cent of the scheduled visits.
Costello conceded that appellant completed a drug treatment program through the Women's Center of Greater Cleveland but pointed out that the program did not require urine screens to determine if appellant was indeed free from illegal drug use. Appellant completed parenting classes at the Women's Center as well. Appellant also completed a job training program through Cleveland Works.
Appellant testified that, if the children were returned, she could transfer to a larger apartment. Appellant stated she had not used drugs for almost two years. Appellant felt she learned more from her parenting classes this last time because she was more interested. She was working to obtain her GED through Cleveland Works and was searching for a job. Appellant averred she had not worked as a prostitute since July of 1997 and only did so before because she had no other source of income. Appellant had missed some of her scheduled visits with the children because she was in jail due to arrests for prostitution. Appellant admitted to having gone through several previous drug treatment programs with unsuccessful results.
The parties stipulated to a psychological evaluation of appellant and Briant Foster done June 24, 1997. In the evaluation, it was revealed that appellant left school in eleventh grade because of the impending birth of her first child. She has been arrested five or six times for prostitution and one or two times for shoplifting. Appellant's test results were very low for her parenting skills, showing she tended to use her children to meet her own needs and lacked an understanding of normal child growth and development. Children were perceived as objects for personal gratification. Although appellant denied having used drugs since February of 1997, the psychologist suspected this was not true based on appellants behavior during the interview. The psychologist concluded that appellant was not ready to assume the responsibility of parenting.
Juvenile court found that the children were neglected. Juvenile court further found that clear and convincing evidence was presented to show that the best interest of the children would be served by granting permanent custody to CCDCFS. The children could not be placed with their parents within a reasonable time. The children should not be placed with the parents because the parents had failed to substantially remedy the conditions which caused the children's removal and the parents failed to provide the children with basic necessities, regular support, or to visit or communicate regularly.
 II.
In her sole assignment of error, appellant contends the juvenile court abused its discretion by awarding permanent custody of the children to CCDCFS. Appellant argues that the record shows she made significant and substantial progress toward completing her case plan. She completed parenting classes, drug treatment programs, and maintained stable housing as required under the case plan.
R.C. 2151.35(A) provides in part that the juvenile court must find from clear and convincing evidence that a child is abused, neglected, or dependent. Clear and convincing evidence requires that the proof "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. This is an intermediate standard between a mere preponderance and the certainty required by the beyond a reasonable doubt burden of proof in criminal cases. Clear and convincing does not mean clear and unequivocal. In re Hare (July 14, 1994), Scioto App. No. 94 CA 2236, unreported. Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. State v. Schiebel
(1990), 55 Ohio St.3d 71. A neglected child is any child who lacks proper parental care because of the faults or habits of his parents. R.C. 2151.03(A)(2). When an allegation of neglect is made, a showing of fault on the part of the parents must be found.In re Riddle (1997), 79 Ohio St.3d 259.
Once a child is adjudicated an abused, neglected or dependant child, the juvenile court may commit the child to the permanent custody of a public children services agency. R.C. 2151.353. A reviewing court will not overturn a permanent custody order unless the trial court acted in a manner which was arbitrary, unreasonable, or capricious. In re Leevetta Gabriel (Feb. 26, 1998), Cuyahoga App. No. 72374, unreported. R.C. 2151.414 provides that permanent custody may be granted to a movant if the juvenile court determines by clear and convincing evidence that permanent custody is in the best interest of the child. Factors to be considered include a determination that the child cannot be placed with either parent within a reasonable time or should not be placed with the parents; the parents' failure to substantially remedy the conditions which caused the child's removal from the home; chemical dependency of a parent; the parents demonstrated lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so or an unwillingness to provide an adequate permanent home for the child; the parents' unwillingness to provide food, clothing, shelter, and other basic necessities for the child; or any other factor the court deems relevant.
Appellant asserts the trial court's determination that she failed to substantially remedy the conditions causing the children's removal was erroneous. Appellant states that her testimony demonstrated that she attended a drug treatment program as required, completed parenting classes, and has maintained stable housing.
The trier of fact is free to believe all, part, or none of the testimony of each witness who appears before it. State v. Caldwell
(1992), 79 Ohio App.3d 667. Issues relating to the credibility of witnesses and the weight to be given the evidence primarily are for the trier of fact to resolve. State v. Tyler (1990), 50 Ohio St.3d 24. Although appellant claimed to have overcome her substance abuse problem, the drug treatment program from which she sought treatment did not provide for urine tests. Appellant never underwent any testing which might indicate that she no longer used narcotics. Appellant has been through five drug treatment programs with unsuccessful results. Also, in her psychological evaluation, appellant told the psychologist she was not using drugs. The psychologist doubted this claim based on appellant's behavior during the interview.
There was evidence appellant was in the process of being evicted from her apartment, putting her assertion of stable housing in question. Appellant apparently continues her relationship with Briant Foster, the alleged father of three of the children. Foster was incarcerated for arson, a violent crime for which he showed no remorse or regret. Appellant has been arrested multiple times for prostitution and shoplifting. The criminal records alone of both appellant and Foster raise doubts about their parenting abilities.
Neither appellant nor Foster made much of an effort to visit the children. Most of the scheduled visits were missed by both. The social worker noted that the children primarily interacted with each other and not with their parents.
The psychological evaluation, the admittance of which appellant stipulated to, concluded that appellant was not ready to assume the responsibility of parenting or for the care, safety, and nurturing of her children. Appellant was given a Parenting Assessment which revealed that she had a weak self-concept as a parent and that her expectations for her children exceeded the children's developmental capabilities. The assessment showed that appellant would use the children to meet her own needs and perceived her offspring as objects for her own personal gratification. This report and appellant's history of drug abuse, prostitution, and poor parenting skills supports juvenile courts determination that the children were neglected and that the grant of permanent custody to CCDCFS was appropriate.
Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common PleasCourt to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J.
DIANE KARPINSKI, P.J. and KENNETH J. ROCCO, J. CONCUR.